# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| NATHANIEL ALEXANDER MALCOLM, ) | Case No. 15-10853-HRT |
| and MORGAN MARIE LELAND, ) | |
|       Debtors. ) | Chapter 7 |
| _____) | |
| BRYAN HANSEN and ) | |
| KRISTEN NELSON, ) | |
|       Plaintiffs, ) | Adv. Proc. No. 15-01373-HRT |
| ) | |
| v. ) | |
| ) | |
| MORGAN MARIE LELAND, ) | |
|       Defendant. ) | |
| _____) | |
| MORGAN MARIE LELAND, ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PLATINUM ELITE REAL ESTATE CORP., ) | |
| doing business as LUX HOMES DENVER ) | |
|       Third-Party Defendant. ) | |
| ) | |

## ANSWER TO THIRD-PARTY COMPLAINT AND MOTION TO DISMISS

**COMES NOW** the Third-Party Defendant, PLATINUM ELITE REAL ESTATE CORP., doing business as LUX HOMES DENVER ("Lux Homes"), by and through undersigned Counsel, and for an Answer to the Defendant Morgan Marie Leland's ("Ms. Leland") Third-Party Complaint (the "Complaint") states the following:

    1. Lux Homes admits the allegations set forth in paragraphs 1, 2, 3, 4, 10, and 17 of the Complaint.

    2. Lux Homes denies the allegations set forth in paragraphs 12, 14, 16, 19, 20, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32, 34, 35, and 36 of the Complaint.

    3. Lux Homes is unable to admit or deny and therefore denies the allegations set forth in paragraphs 11, 13, and 15 of the Complaint.

4. Paragraphs 5, 6, 7, 8, 9, 18, 27, and 33 do not require a response.

## AFFIRMATIVE DEFENSES

1. Failure to state a claim upon which relief may be granted.

2. Failure to mitigate damages.

3. Unclean hands.

4. Waiver, estoppel, and/or laches.

5. Accord and satisfaction and/or avoidable consequences.

6. The Plaintiffs' Complaint fails to comply with the requirements of Fed.R.Civ.P. 9, as made applicable by Fed.R.Bankr.P. 7009, and therefore must be dismissed.

7. Any other Affirmative Defenses to which Lux Homes may be entitled under the Bankruptcy Code or other applicable law.

## MOTION TO DISMISS THIRD-PARTY COMPLAINT

1. As noted in the Complaint, Ms. Leland filed Chapter 7 bankruptcy case 15-10853-HRT on January 30, 2015. On Schedule B attached to her voluntary petition, Ms. Leland listed all of her personal property under penalty of perjury. Under Section 21 of Schedule B ("Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims."), Ms. Leland checked the box marked "NONE."

2. The Plaintiffs initiated this adversary proceeding against Ms. Leland on September 18, 2015. Upon the filing of the adversary proceeding, Ms. Leland would have become aware of her alleged pre-petition claims against Lux Homes, if she was not previously aware of such claims.

3. Ms. Leland initially filed her Complaint against Lux Homes on October 19, 2015, and asked the Court for an award of damages against Lux Homes for said pre-petition claims.

4. Although Ms. Leland's bankruptcy case did not close until November 12, 2015, she did not amend her property schedules to include claims against Lux Homes among her

assets. Ms. Leland was aware of said claims prior to the closing of her bankruptcy case, and had an obligation to amend her schedules.

5. Ms. Leland therefore lacks standing to pursue claims against Lux Homes. Any legal claims arising pre-petition are property of her bankruptcy estate, and only the Chapter 7 Trustee has standing to pursue said claims. (see *Bemas v. Dorland* (*In re Dorland*), 374 B.R. 765, 775 (Bankr. D. Colo. 2007). As these claims were not disclosed, they were not abandoned by the Chapter 7 Trustee in Ms. Leland's bankruptcy.

6. For the same reason, Ms. Leland is precluded from pursuing these claims against Lux Homes under the doctrine of judicial estoppel. (see *Eastman v. Union Pacific R.Co.*, 493 F.3d 1151 (10th Cir. 2007) and *Queen v. TA Operating, LLC*, 2013 WL 4419322, (10th Cir. Aug. 20, 2013))

WHEREFORE, Lux Homes respectfully requests that the Court dismiss the Third-Party Complaint of Ms. Leland, grant Lux Homes a judgment against Ms. Leland for costs and reasonable attorneys' fees, and for such other and further relief as this Court deems just and proper.

Dated: December 30, 2015

By: /s/ *Ryan M. Wood*
*Counsel to Lux Homes*
Attorney registration number: 40243
Law Office of Ryan M. Wood, LLC
8400 E Crescent Parkway 6th Floor
Greenwood Village, CO 80111
720-465-1406
ryan@ryanwoodlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 30th of December, 2015, I served by prepaid first class mail a copy of the AMENDED ANSWER AND THIRD-PARTY COMPLAINT, on all parties against whom relief is sought and those otherwise entitled to service pursuant to FED.R.BANKR.P. and these L.B.R., at the following addresses:

Michael J. Davis
BKN Murray, LLP
6795 East Tennessee Ave, Ste 330
Denver, CO 80224

/s/Ryan M. Wood