# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re | ) |
| | ) |
| NATHANIEL ALEXANDER MALCOLM, | ) Case No. 15-10853-HRT |
| MORGAN MARIE LELAND | ) Chapter 7 |
|            Debtors. | ) |
| | ) |
| _____ | ) |
| BRYAN HANSEN, | ) |
| KRISTEN NELSON | ) Adv. Proc. No. 15-01373-HRT |
|            Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| MORGAN MARIE LELAND, | ) |
|            Defendant. | ) |
| _____ | ) |
| MORGAN MARIE LELAND, | ) |
|            Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PLATINUM ELITE REAL ESTATE CORP., | ) |
| *doing business as* LUX HOMES DENVER, | ) |
|            Third-Party Defendant. | ) |
| _____ | ) |
| BRYAN HANSEN, | ) |
| KRISTEN NELSON | ) |
|            Third-Party Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| PLATINUM ELITE REAL ESTATE CORP., | ) |
| *doing business as* LUX HOMES DENVER, | ) |
|            Third-Party Defendant. | ) |
| | ) |

## THIRD PARTY COMPLAINT

-1-

BRYAN HANSEN ("Mr. Hansen") and KRISTEN NELSON ("Mrs. Nelson") (collectively the "Creditors"), through their undersigned counsel, respectfully submit their Third Party Complaint, and state as follows:

## JURISDICTION

1.     This Court has jurisdiction over matters arising in or related to a case under Title 11 pursuant to 28 U.S.C. §1334.[1]

2.     Venue is proper pursuant to 28 U.S.C. §1409(a).

## PARTIES

3.     Mr. Hansen and Mrs. Nelson are individuals who reside in Orange County, California.

4.     Platinum Elite Real Estate Corporation is a Colorado corporation doing business as Lux Homes Denver ("Lux Homes") with its principal place of business at 558 East Castle Pines Parkway, Castle Pines, Colorado 80108.

## GENERAL ALLEGATIONS

5.     Nathaniel Alexander Malcolm ("Mr. Malcolm") and Morgan Leland ("Ms. Leland") (collectively the "Debtors") filed for relief under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") on January 30, 2015 ("Petition Date").

6.     Prior to the Petition Date, the Creditors jointly owned property located at 1177 S. Sherman Street, Denver, Colorado 80210 (the "Property"). The Property has four bedrooms, three and a half bathrooms, and is 2,828 square feet.

7.     The Creditors sought to list the Property for rent. They obtained a flyer from Lux Homes identifying Lux Homes' services regarding tenants. Among other things, the flyer stated that Lux Homes provided full screening of tenants, including background checks and income verification. The flyer further stated that Lux Homes provided total peace of mind and guaranteed its services.

_____

[1] To the extent that there are *Stern* issues, a Motion to Withdraw the Reference is currently pending.

-2-

8.   On February 25, 2013, the Creditors entered into an Exclusive Right to Lease Listing Contract with Lux Homes to find tenants to occupy the Property (the "Agreement").[2] Pursuant to the terms of the Agreement, Lux Homes was to act as the Creditors' agent in listing the Property for lease including, but not limited to, exercising reasonable skill and care in screening tenants financial and background information. In exchange, Lux Homes was to receive a commission equal to one month's rent on a lease term of one year or a commission equal to 8% of the total lease on any lease term greater than one year.

9.   Ms. Leland filled out a rental application with Lux Homes regarding the Property. On February 21, 2013, based on the information Ms. Leland represented in the rental application, Lux Homes provided the Creditors Ms. Leland's Credit Assessment Report. Among other things, the Credit Assessment Report stated that Ms. Leland had income from employment of $11,200 per month and no criminal history.

10.  Upon information and belief, and contrary to the information provided to the Creditors, Ms. Leland and Mr. Malcolm were involved in an altercation in Avon, Colorado on January 3, 2013, less than two months prior to Ms. Leland submitting the rental application, for which both were arrested. The altercation received significant press in Denver, Colorado. Despite that fact, Lux Homes did not discover Ms. Leland's arrest in its investigation.

11.  Upon information and belief, Ms. Leland would not submit income information to Lux Homes. According to Lux Homes, Ms. Leland had annual income of $145,000. According to the Debtors' Statement of Financial Affairs, however, Ms. Leland had income in 2012 of $32,642.00 and in 2013 of $37,055.

12.  Lux Homes reported to the Creditors that Ms. Leland earned the sum of $54,000 annually from a company called 5280NRG, LLC, owned by Mr. Malcolm. On information and belief, the only basis for that income was an e-mail from Mr. Malcolm to Ms. Leland identifying Ms. Leland's annual income.

13.  Lux Homes reported to the Creditors that Ms. Leland was to be the sole occupant of the Property. In reality, Mr. Malcolm also resided at the Property. Upon information and belief, Mr. Malcolm had a lengthy criminal history at the time Ms. Leland submitted the rental application. Had Ms. Leland included Mr. Malcolm as a co-tenant on the rental application, Mr. Malcolm's criminal history would have been disclosed. Upon further information and belief, Lux Homes did not adequately investigate why Ms. Leland, as the sole proposed tenant for the Property, would need to rent a 2,828 square foot home.

---

[2] This was the second Right to List Agreement entered into between the Debtor and Lux Homes. The first tenants also defaulted under their lease with the Creditors.

14.    In reliance on the information in the Credit Assessment Report, among other information, the Creditors entered into a Residential Lease Agreement with Ms. Leland on March 1, 2013 (the "Lease") wherein Ms. Leland agreed to rent the Property for a term of two years with a monthly rent of $3,300.  The total Lease fee was $81,079.68 over the two years, making Lux Homes' commission $6,486.37.

15.    On or about January 31, 2014, Ms. Leland vacated the Property, prior to the expiration of the Lease.

16.    The Creditors filed suit against Ms. Leland on June 3, 2014 in the District Court for the City and County of Denver, Colorado under case number 2014CV32165 regarding her default under the terms of the Lease.  On August 15, 2014, a default judgment was entered in favor of the Creditors and against Ms. Leland for the principal sum of $36,883.90, costs in the sum of $266.00 and attorney fees in the sum of $687.50 for a total judgment of $37,836.80 (the "Judgment").  As of the Petition Date, the Judgment remains unpaid.

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

17.    The Creditors incorporate by this reference the statements and allegations contained in paragraphs 1 through 16 as though more fully set forth in this Claim for Relief.

18.    The Creditors entered into the Agreement with Lux Homes agreeing to let Lux Homes list the Property for lease.  The Agreement constituted a contract between the parties.

19.    Lux Homes breached the terms of the Agreement with the Creditors by, among other things, failing to adequately screen Ms. Leland's income and criminal history prior to recommending that the Creditors lease the Property to Ms. Leland.

20.    The Creditors suffered economic damages as a result of Lux Homes' breach both in the amount of the commission the Creditors paid to Lux Homes and in lost rent and other costs associated with Ms. Leland's ultimate breach of the Lease.

21.    The Creditors have also suffered damages in the amount of their attorney fees and costs as provided by law and/or agreement.

WHEREFORE, the Creditors respectfully request that this Court enter judgment in their favor and against Lux Homes in an amount to be determined at trial, together with interest, taxable costs, and all of the Creditors' attorney fees and costs as provided by law and/or agreement, and grant such other and further relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
(Breach of Fiduciary Duty)

22. The Creditors incorporate by this reference the statements and allegations contained in paragraphs 1 through 21 as though more fully set forth in this Claim for Relief.

23. Lux Homes owed a fiduciary duty of good faith, loyalty, and care to the Creditors, arising out of the Agreement.

24. Lux Homes violated its fiduciary duty to the Creditors by, among other things, not adequately screening Ms. Leland's criminal history and ignoring other red flags in Ms. Leland's rental application.

25. Lux Homes' breach of that duty caused damages to the Creditors in an amount to be proven at trial.

WHEREFORE, the Creditors respectfully request that this Court enter judgment in their favor and against Lux Homes in an amount to be determined at trial, together with interest, taxable costs, and all of the Creditors' attorney fees and costs as provided by law and/or agreement, and grant such other and further relief as the Court deems appropriate.

## THIRD CLAIM FOR RELIEF
(Unjust Enrichment)

26. The Creditors incorporate by this reference the statements and allegations contained in paragraphs 1 through 25 as though more fully set forth in this Claim for Relief.

27. The Creditors conferred benefits upon Lux Homes by paying the commission associated with Ms. Leland's tenancy at the Property for Lux Homes' use and benefit.

28. Lux Homes appreciated or realized the benefit conferred by the Creditors without providing any benefit to the Creditors.

29. As a direct and proximate result of the Creditors conferring benefits upon Lux Homes without the Creditors receiving a benefit in return, Lux Homes has been unjustly enriched.

WHEREFORE, the Creditors respectfully request that this Court enter judgment in their favor and against Lux Homes in an amount to be determined at trial, together with interest, taxable costs, and all of the Creditors' attorney fees and costs as provided by law and/or agreement, and grant such other and further relief as the Court deems appropriate.

-5-

## FOURTH CLAIM FOR RELIEF
(Negligence)

30. The Creditors incorporate by this reference the statements and allegations contained in paragraphs 1 through 29 as though more fully set forth in this Claim for Relief.

31. Lux Homes had a legal duty of care and loyalty to the Creditors.

32. Lux Homes breached its duty to the Creditors by, among other things, failing to draw the Creditors attention to the numerous red flags associated with Ms. Leland's rental application.

33. As a result of Lux Homes' breach of its legal duty to the Creditors, the Creditors suffered damage in an amount to be proven at trial.

WHEREFORE, the Creditors respectfully request that this Court enter judgment in their favor and against Lux Homes in an amount to be determined at trial, together with interest, taxable costs, and all of the Creditors' attorney fees and costs as provided by law and/or agreement, and grant such other and further relief as the Court deems appropriate.

## RIGHT TO AMEND

34. The Creditors reserve the right to amend this Complaint, the claims, defenses, and damages, under C.R.C.P. 15, as additional or supplemental facts and information becomes known to them under C.R.C.P. 26(a)(1) and (e).

DATED this 29th day of January, 2016.

Respectfully submitted,
BUECHLER LAW OFFICE, L.L.C.

*/s/ Jonathan M. Dickey*

_____
Kenneth J. Buechler, #30906
Jonathan M. Dickey, #46981
1621 18th Street, Suite 260
Denver, Colorado 80202
Tel: 720-381-0045
Fax: 720-381-0382
Jonathan@kjblawoffice.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on January 29, 2016, I served by prepaid first class mail [or other acceptable means, i.e. via hand delivery] a copy of **THIRD PARTY COMPLAINT**, on all parties against whom relief is sought and those otherwise entitled to service pursuant to FED.R.BANKR.P. 7005 at the following addresses:

Michael J. Davis
6794 E. Tennessee Ave., Ste. 330
Denver, CO 80224

Ryan M. Wood
Law Office of Ryan M. Wood, LLC
8400 E Crescent Parkway 6th Floor
Greenwood, CO 80111

*/s/ Sharon E. Fox*
_____
For Buechler Law Office, LLC

-7-