UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Howard R. Tallman

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **NATHANIEL ALEXANDER MALCOLM and** ) | **Case No. 15-10853 HRT** |
| **MORGAN MARIE LELAND,** ) | **Chapter 7** |
| **Debtors.** ) | |
| ) | |
| **BRYAN HANSEN and** ) | |
| **KRISTEN NELSON,** ) | **Adversary No. 15-1373 HRT** |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **MORGAN MARIE LELAND,** ) | |
| **Defendant.** ) | |
| ) | |
| **MORGAN MARIE LELAND** ) | |
| **Third Party Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **PLATINUM ELITE REAL ESTATE,** ) | |
| **d/b/a Lux Homes Denver,** ) | |
| **Third Party Defendant.** ) | |
| ) | |
| **BRYAN HANSEN and** ) | |
| **KRISTEN NELSON,** ) | |
| **Third Party Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **PLATINUM ELITE REAL ESTATE,** ) | |
| **d/b/a Lux Homes Denver,** ) | |
| **Third Party Defendant.** ) | |

### ORDER DISMISSING CLAIMS AGAINST THIRD PARTY DEFENDANT

This case comes before the Court *sua sponte*.[1]

---

[1] Third Party Defendant's motion to dismiss with respect to the claims of the Defendant was not separately filed prior to its responsive pleading under FED. R. CIV. P. 7012(b) and,

(continued...)

ORDER DISMISSING CLAIMS AGAINST THIRD PARTY
DEFENDANT
Adversary No. 15-1373 HRT

Both the Plaintiffs and the Defendant have filed third party complaints asserting claims against Platinum Elite Real Estate, d/b/a Lux Homes Denver ("Lux"). Both third party complaints will be dismissed.

The Defendant lacks standing to assert her claim. She asserts a claim based wholly upon a pre-petition transaction involving Lux. Since the claim arose pre-petition, it became an asset of her bankruptcy estate, under the exclusive control of the Chapter 7 Trustee, upon filing her bankruptcy case. However, she disclosed no such claim in her bankruptcy schedules. As a consequence, the claim was not automatically abandoned back to her upon closure of the main bankruptcy case. It is not her claim to pursue and the claim will be dismissed. *See, e.g. Biesek v. Soo Line R. Co.* 440 F.3d 410, 413 (7th Cir. 2006) (Where bankruptcy estate has never abandoned a pre-petition cause of action, a debtor who tries to file such a claim is an "interloper, trying to prosecute a claim that belongs to his estate in bankruptcy."); *Guay v. Burack*, 677 F.3d 10, 17 (1st Cir. 2012) ("[I]t is well-established that a failure to identify a claim as an asset in a bankruptcy proceeding is a prior inconsistent position that may serve as the basis for application of judicial estoppel, barring the debtor from pursuing the claim in a later proceeding."). *See also Eastman v. Union Pacific R. Co.,* 493 F.3d 1151 (10th Cir. 2007).

As to the third party complaint asserted by the Plaintiffs, those claims do not fall under the grant of federal bankruptcy jurisdiction in 28 U.S.C. §§ 1334(a) or 1334(b). For a bankruptcy court or federal district court to adjudicate a matter in the course of a bankruptcy proceeding, at minimum, it must be related to the bankruptcy case. 28 U.S.C. § 1334(b). "[T]he test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). Plaintiffs' claims against Lux are exclusively state law contract and negligence-based claims. Plaintiffs' success or failure in their prosecution of those claims have no potential to either enhance or deplete the bankruptcy estate. Whatever the outcome, this is a dispute exclusively between non-debtors and the dispute is not embraced by the limited federal bankruptcy jurisdiction embodied in 28 U.S.C. § 1334. The Plaintiffs' claims against Lux will be dismissed for lack of federal bankruptcy jurisdiction.

Therefore, it is

**ORDERED** that Defendant's Third Party Complaint (docket #8) against Platinum Elite Real Estate Corp., d/b/a Lux Homes Denver, is DISMISSED. It is further

---

[1](...continued)
therefore, did not earlier come to the Court's attention.

ORDER DISMISSING CLAIMS AGAINST THIRD PARTY
DEFENDANT
Adversary No. 15-1373 HRT

**ORDERED** that Plaintiffs' Third Party Complaint (docket #24) against Platinum Elite Real Estate Corp., d/b/a Lux Homes Denver, is DISMISSED.

Dated this  20th  day of June, 2016.

**BY THE COURT:**

Howard R. Tallman, Judge
United States Bankruptcy Court