# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### Bankruptcy Judge Howard R. Tallman

| | |
|---|---|
| In re:<br><br>NATHANIEL ALEXANDER MALCOLM and MORGAN MARIE LELAND<br><br>Debtor. | Bankruptcy Case No. 15-10853 HRT<br><br>Chapter 7 |
| BRYAN HANSEN and KRISTEN NELSON<br><br>Plaintiffs,<br><br>v.<br><br>MORGAN MARIE LELAND,<br><br>Defendant. | Adversary Proceeding No. 15-01373 HRT |

### OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Defendant Morgan Marie Leland, by and through undersigned counsel, submits this Opposition to Plaintiffs' Motion for Summary Judgment and in support thereof states as follows:

### INTRODUCTION

The following facts are undisputed: Plaintiffs own a home in Denver, Colorado. Ans. ¶ 8. On February 9, 2013, Ms. Leland completed and submitted a rental application through Lux Homes. *Id.* ¶ 9; Nelson Aff. Ex. 1. The rental application sought the "Applicant's Gross Monthly Income." Nelson Aff. Ex. 1. Ms. Leland stated that her gross monthly income from Your Castle Real Estate ("Your Castle") was $6,700. *Id.* Where the application asked her to "Describe Other Income (Source/Amount)," Ms. Leland stated that she made $4,500 per month from 5280 NRG, LLC ("5280"). *Id.* Thus, Ms. Leland represented that her total monthly income was $11,200 per month. *Id.*

1

On February 21, 2013, Lux Homes provided a Credit Assessment Report to Plaintiffs stating that Ms. Leland's income was $11,200 per month.[1]  Nelson Aff., Ex. 2.  Lux Homes also forwarded Ms. Leland's rental application to Plaintiffs.  Ans. ¶ 9.  On the basis of that documentation, Plaintiffs agreed to rent the home to Ms. Leland beginning on March 1, 2013, for a term of two years.  *Id.* ¶ 10.  On March 3 and 6, 2013, respectively, Ms. Leland and Plaintiffs executed the lease.  Nelson Aff. Ex. 3.  In or around January 2014, Ms. Leland vacated the home.  Compl. ¶ 11.  In August 2014, Plaintiffs obtained a default judgment against Ms. Leland for approximately $37,936.80 for alleged default under the lease.  Ans. ¶ 12.  In January, 2015, Ms. Leland and her husband Nathaniel Malcolm filed for bankruptcy.  *Id.* ¶ 6.  As part of their Bankruptcy Petition, Ms. Leland stated that her 2012 income was $32,642 and her 2013 income was $37,055 based on her tax returns.  Nelson Aff. Ex. 5.

Ms. Leland asserts the following additional facts, which are relevant to this Motion:  On February 21, 2013, Ms. Leland sent Lux Homes supplemental documentation from her employers regarding her claimed income.  Leland Aff. ¶ 5.  That information included an email from her supervisor at Your Castle stating that Ms. Leland's commissions totaled $72,652 in 2012 ($6,054 per month average).  Leland Aff. Ex. A.  The majority of Ms. Leland's real estate commissions came through her parents, who had a "fix and flip" business, which created a base of approximately twelve sales a year.  *Id.* Ex. B at 22:25-23:1-7.  The supplemental materials also included a letter from Mr. Malcolm, who was President of 5280, stating that Ms. Leland "will earn $45,000 this year" (approximately $3,750 per month).  *Id.* Ex. A.  Mr. Malcolm and Ms. Leland, who have since married, operated 5280 as a side business in 2012 and into early 2013.  *Id.* Ex. B at 6:22-8:8;

---

[1] Ms. Leland and Plaintiffs each brought third party claims against Lux Homes, but the Court dismissed those claims *sua sponte*.

12:1-24. Ms. Leland's tax returns from 2012, which were prepared by an accountant, show that her Form 1099 income was $63,599, and that her income after subtracting business deductions and adding in taxable interest was $32,642. *Id.* Ex. C.

Between May and June 2013, Ms. Leland began experiencing an unexpected decline in income from her real estate business. Leland Aff. Ex. B at 22:22-24:13. This was due to a combination of factors including a general market trend away from real estate investing and her parents' divorce, which took away the majority of her commissioned work. *Id.* Around the same time, she and Mr. Malcolm also realized that a planned expansion of 5280, including a partnership with a Turkish company, would not move forward as intended. *Id.* at 12:1-24. As a result, Ms. Leland did not earn an estimated $11,200 per month in 2013. Leland Aff. ¶ 13. Instead, Ms. Leland's 2013 net income was considerably lower. *Id.*

## SUMMARY OF ARGUMENT

Plaintiffs' Complaint alleges that their default judgment against Ms. Leland is non-dischargeable in bankruptcy under two theories: 11 U.S.C. §§ 523(a)(2)(B) and 523(a)(2)(A). Their present Motion asks this Court to find they are entitled to Summary Judgment under only 11 U.S.C. §§ 523(a)(2)(B). Plaintiffs have failed to meet their burden of proof because (1) there is a material factual dispute regarding whether Ms. Leland's statements on the rental application were materially false, and (2) there is a material factual dispute regarding whether Ms. Leland intended to deceive Plaintiffs by making those statements.

## ARGUMENT

### I.   *Burden of Proof and Elements of the Claim.*

"Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Bankr. R. Civ. P. 7056; Fed. R. Civ.

3

P. 56(c); *National Dev. Servs., Inc. v. Denbleyker (In re Denbleyker)*, 251 B.R. 891, 894 (Bankr.D.Colo. 2000); *see also In re Vaughan*, 233 Fed.Appx. 783 (10th Cir. 2007). The moving party has the initial burden of proving that no genuine issue of fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to demonstrate that a triable issue of fact exists which precludes summary judgment against the nonmovant. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 255 (1986). The Court must view the facts in the nonmovant's favor and draw reasonable inferences in the light most favorable to the nonmovant. *Scott v. Harris*, 550 U.S. 372 (2007).

"What facts are material depends upon the substantive law applied." *Weinman v. Alternative Revenue System (In re Stephens)*, No. 15-11776, Adversary No. 15-01340 (Bankr.D.Colo. May 23, 2016) (citing *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d at 565). To prevail under 11 U.S.C. §§ 523(a)(2)(B), a creditor has the burden to demonstrate, "by a preponderance of the evidence, that the debt was incurred: (1) using a written statement; (2) that is materially false; (3) respecting the debtor's or an insider's financial condition; (4) on which the creditor reasonably relied; and (5) that the debtor caused to be made or published with the intent to deceive." *Colorado East Bank & Trust v. McCarthy (In re McCarthy)*, 421 B.R. 550, 559 (Bankr.D.Colo. 2009). "Exceptions to discharge are narrowly construed, and doubts are resolved in the debtor's favor." *Id.*

### II. Material Facts Remain In Dispute Concerning The Second Element of The Claim-- Whether Ms. Leland's Statements Were Materially False.

Plaintiffs' primary contention is that Ms. Leland's statements of her income on the rental application were materially false because they do not match the income Ms. Leland reported in

4

her Bankruptcy Petition Statement of Financial Affairs ("SOFA").[2] Mot. for Summ. J. at 7-9. Ms. Leland does not dispute that her SOFA states that her income was $32,642 in 2012 and $37,055 in 2013, or that these numbers differ from her rental application. Instead, there are honest explanations for this discrepancy, which are all supported by the record. First, Ms. Leland completed her rental application in early February 2013 based on the information available to her at the time (i.e. communications from her employers confirming her previous years' commissions), whereas her SOFA was completed in 2015 with the benefit of hindsight and her 2012 tax records. Leland Aff. ¶¶ 6, 9-10. In addition, Ms. Leland's rental application included income from 5280, which she reported as "Other Income" and supported with a letter from the President of the company, Mr. Malcolm. Leland Aff. Ex. A; Nelson Aff. Ex. 1. On the other hand, the SOFA was completed after Ms. Leland knew that she had not earned any income from 5280 in 2012 or 2013. Nelson Aff. Ex. 5. Finally, the $32,642 in income reported on her SOFA was based on her income after deductions for business expenses, whereas the $11,200 per month income reported on her rental applications were based on her expected gross income.[3] *Id.*; Nelson Aff. Ex. 1; Leland Aff. Ex. C.

Moreover, Ms. Leland does not dispute that her income in 2013 did not turn out to be what she expected when she completed her rental application. After all, she and her husband eventually filed for bankruptcy. Ans. ¶ 6. Instead, the relevant question is whether Ms. Leland's statements on her rental application were "substantially untruthful," given her knowledge and reasonable

---

[2] As to Plaintiff's argument concerning whether Ms. Leland may have been including monies provided from her mother in her stated income on the rental application, Ms. Leland has never made this claim and does not make it here. All arguments in Plaintiff's Motion related to Ms. Leland's mother's assistance are irrelevant and moot.

[3] In her deposition, Ms. Leland states that the income on her SOFA was based on income after taxes. Leland Aff. Ex. B at 16:11-18. The tax returns, however, show that the amount is based on income after *deductions*.

5

expectations at the time. The facts, viewed the light most favorable to Ms. Leland, demonstrate not only that Ms. Leland's statements were not substantially untruthful, but that they were indeed substantially truthful. Ms. Leland's statement that her income from Your Castle was $6,700 per month was substantially truthful, given the supplemental statement from her employer stating that Ms. Leland's earned commissions in 2012 were more than $72,000.[4] Leland Aff. Ex. A. Moreover, that statement showed an increase in annual commissions between 2011 and 2012, implying that Ms. Leland's monthly income would likely continue to increase. *Id.* Further, Ms. Leland's statement that her "Other Income" from 5280 was $4,500 per month was substantially truthful given her reasonable expectations about that company's growth. Nelson Aff. Ex. 1; Leland Aff. Ex. C. Ms. Leland spoke in her deposition about her involvement with 5280 in 2012 and early 2013 and the efforts and expense she and Mr. Malcolm had undertaken to expand the business, along with the reasons for its floundering. Leland Aff. Ex. B at 6:21-14:7. Furthermore, the letter from Mr. Malcolm clearly implied that $54,000 was what Ms. Leland *would* earn in 2013. *Id.* Ex. A. Contrary to Plaintiffs' assertions, if Lux Homes or Plaintiffs had doubts about whether the information provided by Ms. Leland was speculative, they could have sought additional documentation. The application itself did not specify that the income could not be speculative, or request to know the history of the applicant's "Other Income." Nelson Aff. Ex. 1. On the other hand, the application did ask, and Ms. Leland did answer, "Years at this Job" in reference to her gross monthly income through Your Castle. *Id.* In short, the Ms. Leland provided truthful statements on the rental application based on the information to which she had access.

---

[4] Contrary to the email from the Your Castle with Ms. Leland's commissions, Ms. Leland's Form 1099 from Your Castle was for $63,599 in 2012. The basis for this discrepancy is not clear, but it is not attributable to Ms. Leland.

6

In sum, there is a genuine, triable issue of fact as to whether the statements on Ms. Leland's rental application were substantially untruthful. Because it goes to an essential element of Plaintiffs' section 523(a)(2)(B) claim, this issue is undisputedly material. On this basis alone, Plaintiffs' Motion for Summary Judgment should be denied.

### III. Material Facts Remain In Dispute Concerning The Fifth Element of The Claim-- Whether Ms. Leland Intended To Deceive Plaintiffs By Making Those Statements.

With regard to those same statements, Plaintiffs also allege that Ms. Leland made them intending to deceive Plaintiffs. In support, Plaintiffs claim that intent "may be inferred from the totality of circumstances," that "reckless disregard for the truth" is sufficient to demonstrate intent to deceive, and that the only explanation for Ms. Leland's allegedly false statements would be her supposed intent to deceive. Simply put, Plaintiffs argument about intent relies on Plaintiffs' assumption that Ms. Leland made false statements. As discussed above, that is not a safe assumption. Moreover, the totality of circumstances, when viewed in the light most favorable to Ms. Leland, supports her position that she could not foresee a change of circumstances when she completed the rental application in early February 2013 or even when she signed the least in early March 2013. It was not until between March and June 2013 that her real estate business slowed. Leland Aff. Ex. B at 22:22-24:13. It was also not until after March 2013 that she and Mr. Malcolm realized that 5280 would not partner with the Turkish company, as expected, and that she would not earn a salary through 5280. *Id.* at 12:1-24. Furthermore, not only did Ms. Leland *not* have "reckless disregard for the truth," but she in fact sought out and provided additional documentation to Lux Homes that amended her earlier stated income based on verifiable reports from third parties. *Id.* Ex. A. Finally, as discussed above, there are several explanations as to why Ms. Leland's stated income did not match her actual income, none of which imply that she intended to deceive

7

Plaintiffs. These include her parents' divorce, changes in the real estate market, and dissatisfaction with the quality of the Turkish business partner's products for 5280, resulting in a fallout. *Id.* Ex. B.

Thus, contrary to Plaintiffs' claim, there is a genuine, triable question as to whether Ms. Leland provided the information on her rental application with the intent to deceive Plaintiffs. This also goes to an essential element of Plaintiffs' section 523(a)(2)(B) claim, and as such this issue is undisputedly material. Plaintiffs' Motion for Summary Judgment should be denied.

## CONCLUSION

For the foregoing reasons, Ms. Leland prays that the Court will Deny Plaintiffs' Motion for Summary Judgment and award what further relief the Court deems appropriate.

Dated: August 29, 2016.                    Respectfully submitted:

*s/Michael J. Davis*
By: _____
Michael J. Davis
BKN Murray, LLP
6795 E. Tennessee Ave., Ste. 330
Denver, CO 80224
P: (720) 361-6036
F: (303) 758-5055
E: mdavis@bknmurray.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2016, a copy of the foregoing DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT was filed and served electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.

Dated: August 29, 2016.

        Respectfully submitted:

         *s/Michael J. Davis*
       By: _____
       Michael J. Davis
       BKN Murray, LLP